WALTER E. AKERS *et al. vs.* JOSEPH E. THWING *et al.*

Argued Dec. 16, 1892. Decided Jan. 28, 1893. ·

**Verdict Justified by the Evidence.** .

Evidence *held* to justify the verdict upon issues as to the value of professional services of attorneys at law, and as to whether there had been any special agreement respecting the same.

**Cross-Examination.**

A cross-examination upon immaterial matters, whereby it was sought to lay the foundation for impeachment, *held* harmless; the testimony not being prejudicial.

**Same.**

So *held* of other immaterial evidence.

Appeal by defendants, Joseph E. Thwing and Mary A. Thwing, from an order of the District Court of Hennepin County, *Canty*, J., made June 11, 1892, denying their motion for a new trial.

The plaintiffs, Walter E. Akers and William A. Lancaster, were attorneys at law, and were employed by defendants to defend for them an action commenced against them in the District Court by Eliza U. Norris as administratrix of the estate of George H. Norris upon a note for $10,000 on which was an indorsement of $1,500. The note was given in Florida, while Joseph E. Thwing was building a railroad in that state. The defense was successful, and plaintiffs charged $885 for their services, and brought this suit to recover that sum. The jury gave them a verdict for $544.18. Defendants moved for a new trial, and being denied, they appealed.

*Boardman & Boutelle,* for appellants.

*Brooks & Hendrix,* for respondents.

DICKINSON, J.　This is an action to recover for professional services rendered in behalf of the defendants by the plaintiffs as attorneys at law.　The plaintiffs recovered.　The only issues of fact were as to the value of the services, and as to whether there had been a special agreement respecting the charge to be made therefor.　There is no room for doubt that, as to these questions of fact, the determination involved in the verdict was amply sustained by the evidence.

Numerous assignments of error are presented relating to the rulings of the court as to the admissibility of evidence.　Several of these are based upon the overruling of objections to questions addressed to the defendants on cross-examination, by the plaintiffs, as to matters not strictly relevant to the issue; this examination being evidently for the purpose of laying a foundation for contradicting and impeaching the witnesses.　Even if it be conceded that this cross-examination was beyond the reasonable discretion of the court, it is very apparent that it was harmless.　The answers given were not in themselves prejudicial, and the court refused to receive the evidence offered to contradict or impeach the witnesses.

The other evidence referred to in the assignment of error may be grouped in two classes,—one consisting of evidence the propriety of which is so apparent that it ought not to be called in question; and as to the other class it is equally apparent that it could not in any way have prejudiced the defendants or affected the result.

Order affirmed.

(Opinion published 54 N. W. Rep. 194.)